08 CV 1684 (KAM) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH TEASDALE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK,

                              Defendant.

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-169
New York, NY 10007

*Of Counsel:* Maxwell D. Leighton
*Tel:* (212) 788-0407

Law Dep't No. 2008-018256

## PRELIMINARY STATEMENT

Plaintiff brings this action alleging discrimination based on age and sex, under Title VII of the Civil Rights Act of 1964 and the the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 – 634.

Defendant the City of New York, and more specifically, the Fire Department of the City of New York ("FDNY"), now moves for summary judgment. First, plaintiff cannot establish a *prima facie* case of sex or age discrimination. On November 24, 2006, during her probationary period, plaintiff was terminated for having twice failed to satisfactorily complete the Emergency Vehicle Operators Course ("EVOC"). While plaintiff alleges that she believed women were disparately failed from EVOC, the record shows that men and women alike both had failed and passed the EVOC classes that plaintiff attended. Accordingly, plaintiff fails to show circumstances giving rise to a minimal inference of gender discrimination.

Moreover, with respect to plaintiff's allegations of both gender and age discrimination, defendant provides a legitimate business reason for its decision to terminate plaintiff's probationary services. Successful completion of EVOC during the probationary period is mandated for plaintiff's position. Plaintiff twice failed the EVOC class, in each case failing to successfully complete the basic skills component, and thus was terminated. Plaintiff provides no evidence supporting any claim that her failure of the EVOC class or her termination was pretextual. Accordingly, summary judgment in favor of defendant should be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to defendant's Statement of Undisputed Facts Under Local Civil Rule 56.1, dated May 22, 2009 ("56.1 Statement"), the Declaration of Maxwell Leighton, dated May 22, 2009 ("Leighton Decl."), and the supporting evidence cited to therein for a statement of pertinent and material facts.

## ARGUMENT

### POINT I

### PLAINTIFF CANNOT PROVE A *PRIMA FACIE* CASE OF SEX OR AGE DISCRIMINATION.

**A.** **The Summary Judgment Standard.**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant is not, however, required to present evidence negating the element of the other party's case and can simply point to an absence of evidence on an issue on which the non-movant bears the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden of going forward to show that there is no genuine issue of material fact, once that burden has been met, the non-moving party cannot rely on conclusory allegations or speculation. Rather, the non-moving party must set forth specific facts indicating that a genuine issue of fact exists to defeat the motion for summary judgment. See Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998). "Statements that are devoid of any specifics, but replete with conclusions, are

insufficient to defeat a properly supported motion for summary judgment." Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999).

In a discrimination case, plaintiff bears the burden of proving that the adverse employment action was caused by intentional discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). This is generally done indirectly, through the familiar burden shifting process set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1993). This process shifts the burden of production. Initially, plaintiff must meet the minimal burden of showing a *prima facie* case then, thereafter, the employer has the burden of producing a legitimate nondiscriminatory reason for the adverse employment action. Finally, the burden of production returns to plaintiff to show that the proffered reason is actually pretext, masking discrimination. Id. The burden of production shifts from plaintiff to defendant and back to plaintiff but the burden of persuasion remains with plaintiff throughout. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-10 (1993).

**B.     Plaintiff Fails to Establish a Prima Facie Case of Gender Discrimination.**

To establish a *prima facie* case under McDonnell Douglas Corp. v. Green, 411 U.S. at 802-804, each plaintiff must demonstrate: (1) membership in a protected class, (2) satisfactory performance of job duties, (3) that an adverse action was taken, and (4) that the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. Indeed, the "ultimate issue" is whether plaintiff meets the burden of proving that an "impermissible reason," i.e., unlawful discrimination, was the real reason for the adverse action and that defendants intentionally discriminated against plaintiff.[1] Schnabel v. Abramson,

---

[1] Employment discrimination claims brought under Title VII and the ADEA are both analyzed under the burden-shifting framework of Title VII claims. See Austin v. Ford Models, Inc., 149

4

232 F.3d 83, 90, 91 (2d Cir. 2000); Viola v. Philips Medical Systems, 42 F.3d 712, 717 (2d Cir. 1994). Here, plaintiff cannot establish a *prima facie* case because she fails to show that the EVOC program operated under circumstances giving rise to even minimal inference of gender discrimination.

As set forth in the Notice of Examination for the position of Emergency Medical Specialist-EMT, "[s]uccessful completion of the Emergency Vehicle Operations Course (EVOC) is required prior to the completion of the probationary period." See Notice of Examination for Emergency Medical Specialist – EMT, Exam No. 2077, Exhibit "C."[2] A student who fails EVOC once will, after remedial instruction, have a remedial retest. See EVOC Academic Policy, Exhibit "D," at p. 5. Failure of the retest results in separation from the EVOC program and, resultantly, termination of probationary services. Id.

Plaintiff does not and cannot contest the fact that both men and women have passed and failed the EVOC program. The Fire Department's memoranda providing results for each of plaintiff's classes clearly set forth that no true gender disparity existed, particularly when each is viewed in conjunction. See Fire Department of New York City memoranda setting forth EVOC results, dated June 6, 2006, August 28, 2006, and November 13, 2006, Exhibits "H," "I," and "M."

In her initial EVOC class, consisting of twelve people —seven men and five women— plaintiff was unable to pass three of the basic skills and thus failed the EVOC class on May 31, 2006. See Instructor Evaluations, dated May 31, 2006, Exhibits "E," "F," and "G." See also Exhibit "H." Plaintiff, three other women, and one man failed their first EVOC. Id. A

---

F.3d 148, 152 (2d Cir. 1998) (noting that ADEA and Title VII claims are analyzed under the same legal framework).

woman was among those who passed. Id. Thereafter, plaintiff was scheduled for her second EVOC class in late August 2006, but was unable to participate because her wallet containing her driver's license was stolen. See Pl. Tr. 40:8-17. See also Exhibit "I."

For that August class, consisting of eight people —two men and six women— one woman failed EVOC, for the second time, but four women passed, including one who, like plaintiff, had failed her initial attempt. Id. In November 2006, plaintiff failed the EVOC class for a second time, again unable to successfully complete three basic skills. See Instructors Evaluations, dated November 3, 2006, Exhibits "J," "K," and "L." See also Exhibit "M." That November class consisted of eight people —five men and three women— all of whom passed except for plaintiff and one man. Id. Like plaintiff, this man's EVOC failure was his second. Id. Two women passed this November 2006 EVOC class, and thus were deemed qualified to operate FDNY vehicles. Id.

Plaintiff cannot refute this evidence and, accordingly, is unable to establish a *prima facie* case of gender discrimination.

### C. Defendants Have Articulated a Legitimate, Non-Discriminatory Reason for Their Actions and Plaintiff Cannot Show that these Reasons are False or Pretextual.

Defendant has provided a legitimate non-discriminatory reason for for the FDNY decision to terminate plaintiff's probationary employment in November 2006. As noted, successful completion of EVOC during the probationary period is mandated, and was set forth plainly in the Notice Of Examination for plaintiff's position. See Exhibit "C." Plaintiff twice failed EVOC, with her instructors each noting, separately, in each instance, that plaintiff had shown poor judgment in reverse and improper use of the mirrors. See Exhibits "E," "F," "G,"

---

[2] All exhibits are annexed to the Leighton Decl.

"J," "K," and "L." Plaintiff can advance no evidence to suggest that her instructors' evaluations were false or pretext for discrimination. In fact, plaintiff admitted during her deposition that, with respect to her initial failure, "I sort of understood why I didn't pass because I didn't really actually even understand. I hadn't practiced parallel parking in an ambulance. I failed a number of the skills. . . ." Pl. Tr. 32:11-15.

At her deposition, when asked whether her instructors had made any comments with regard to plaintiff's age, plaintiff identified only one, allegedly made by Anne Margaret Bennett, whom plaintiff testified had stated that plaintiff was "an older learner." With respect to her three other instructors, plaintiff stated that none had said anything specifically about plaintiff's age. Id. at 16:16 – 17:19. Furthermore, plaintiff also testified that after her initial EVOC failure, a FDNY lieutenant had provided her, and others, with individualized emergency vehicle training. See Pl. Tr. 43:8 – 44:13.

The burden is on plaintiff to show that the proffered reasons for her EVOC failures and her termination from probationary services are pretext. Plaintiff must provide this Court with evidence that (a) defendant's legitimate reasons are false *and* (b) that the allegedly false reasons are being used as pretext to mask discrimination. See Fisher v. Vassar College, 114 F.3d 1332 (2d Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

As plaintiff cannot provide any evidence, besides her own subjective belief, to adequately show any such pretext, the defendant's motion for summary judgment should be granted in all respects.

## POINT II

### PLAINTIFF'S CITY AND STATE CLAIMS SHOULD BE DISMISSED

["I]dentical standards apply to employment discrimination claims brought under Title VII, Title IX, New York Executive Law § 296, and the Administrative Code of the City of New York." Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) (citations omitted).

Accordingly, for the reasons set forth herein, plaintiff's city and state claims,[3] brought under New York State Executive Law § 296 and New York City Administrative Code § 8-107, should be dismissed.

---

[3] According to plaintiff's amended complaint, such claims are based on race and disability discrimination, for which plaintiff clearly fails to establish a *prima facie* case. To the extent that this is a "descriptive error," as stated by plaintiff's counsel during plaintiff's deposition (See Pl. Tr. at 54:23 – 55:22), such claims should be dismissed.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court issue an order granting its motion for summary judgment, dismissing the complaint in its entirety with prejudice, entering judgment for defendant, and granting defendant costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            May 22, 2009

                    **MICHAEL A. CARDOZO**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendant
                    100 Church Street, Room 2-169
                    New York, New York 10007
                    (212) 788-0407

By: _____
     Maxwell D. Leighton
     Assistant Corporation Counsel

Blance Greenfield
Maxwell D. Leighton
   Of Counsel