**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
DEBORAH TEASDALE,
                                              Plaintiff,                                              **MEMORANDUM**
                              - against -                                                            **AND ORDER**

NEW YORK CITY FIRE DEPARTMENT,                                                    08-CV-1684 (KAM) (JO)
                                              Defendant.
--------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Deborah Teasdale, appearing *pro se*, seeks clarification of my order dated

December 14, 2010, Docket Entry ("DE") 67, in which I denied her motion for additional

discovery, DE 64.  For the reasons set forth below, I grant the request for clarification and, on

reconsideration, vacate my earlier order and grant the plaintiff's discovery request.  Briefly

stated, my earlier order denying supplemental discovery was based on both a misunderstanding

of the plaintiff's request and reliance on an argument that the defendant New York City Fire

Department ("FDNY") has abandoned in response to the instant request.  I therefore order the

FDNY to provide the information plaintiff requests about the ages of Emergency Medical

Specialist-EMT ("EMT") personnel who took the Emergency Vehicle Operation Course

("EVOC") in 2006, 2007, and 2008.

I assume the reader's familiarity with prior proceedings in this case.  When I originally

denied the plaintiff's request for supplemental discovery, I wrote that in the context of the

plaintiff's discrimination claim,

> the number of *firefighters* who took the test at issue (broken down by percentage
> of *firefighters* over and under the age of 40) compared with the number of such
> *firefighters* who passed/failed (similarly broken down) is reasonably calculated to
> lead to the discovery of evidence that would be admissible for purposes of
> showing a relevant statistical disparity.

DE 67 (emphasis added). Although I adhere to the legal view, I misstated the pertinent facts. The plaintiff worked for the FDNY as an EMT, not a firefighter, and the training course at issue in this case was required for all EMT personnel rather than for firefighters. I should therefore have referred to "EMTs" rather than "firefighters" in the sentence quoted above, and I now so clarify my order.

More substantively, the plaintiff has submitted a letter dated December 17, 2010, DE 70, that persuades me that the supplemental discovery she seeks is more narrowly tailored than I previously understood. Specifically, the plaintiff writes that she does not seek the discovery of age-related information for all fire department personnel; rather, she requests such information only with respect to the smaller and more pertinent class of all EMTs who took the EVOC in 2006, 2007, and 2008. The plaintiff explains that she seeks such discovery so that she may compare the number of EMTs who took the course at issue (broken down by percentage of EMTs over and under the age of 40) with the number of EMTs who passed and failed (similarly broken down).

In responding to the request for supplemental discovery, the FDNY originally maintained that the plaintiff sought information about the ages of hundreds of "FDNY personnel, beyond EVOC candidates[.]" DE 66. The FDNY no longer takes that position: instead, it now agrees that "plaintiff seeks information concerning EMTs who took the EVOC test[.]" DE 71. The FDNY thus effectively concedes – as it did not in advance of my earlier order – that the plaintiff is seeking information that is reasonably calculated to lead to the discovery of evidence that would be admissible for the purpose of showing a relevant statistical disparity based on age.

Although this age-related information is beyond the scope of the supplemental discovery I previous authorized, *see* DE 57, the FDNY has not persuaded me that producing the requested information would be unduly burdensome. Nor does it appear that allowing this limited additional discovery will delay dispositive motion practice, as the Honorable Kiyo A. Matsumoto, United States District Judge, recently granted the parties' joint request for an extension of time to brief the pending summary judgment motion in light of the plaintiff's motion for clarification.

For the reasons set forth above, I grant the plaintiff's request for clarification and, on reconsideration, vacate my earlier order and grant the plaintiff's discovery request. Specifically, I order the defendant to produce, no later than January 25, 2011, the information plaintiff requests about the ages of EMT personnel who took the Emergency Vehicle Operation Course in 2006, 2007, and 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 4, 2011

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge